UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wayne Thomas LaBeau and Ma Florentina Busso LaBeau, | Case No. 18-cv-3216 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| MN Airlines, LLC, *doing business as* Sun Country Airlines, | |
| Defendant. | |

Before the Court is a motion for summary judgment filed by Defendant MN Airlines, LLC, doing business as Sun Country Airlines (Sun Country). (Dkt. 24.) Sun Country argues that it is entitled to summary judgment as to Plaintiffs' Montreal Convention claim (Count I), breach-of-contract claim (Count II), and negligence claim (Count III). Plaintiffs concede that Sun Country is entitled to summary judgment as to their negligence claim, but they contend that genuine disputes of material fact preclude summary judgment as to their two remaining claims. For the reasons addressed below, Sun Country's motion for summary judgment is granted.

## BACKGROUND

Plaintiffs Wayne Thomas Labeau and Ma Florentina Busso LaBeau are residents of Minnesota. Sun Country is an airline with its principal place of business in Eagan, Minnesota. In March 2018, Plaintiffs used Sun Country's website to book a vacation to

Los Cabos, Mexico. The reservation was part of a $2,094.46 travel package that included lodging and airfare for two.

Plaintiffs flew from the Minneapolis-Saint Paul International Airport to the Los Cabos, Mexico, International Airport on April 7, 2018. Plaintiffs were scheduled to return to Minnesota on April 14, 2018, aboard Sun Country flight 550. On that day, however, the Minneapolis-Saint Paul International Airport closed for approximately eight hours as the result of a snowstorm, and Sun Country flight 550 was cancelled. Plaintiffs had checked out of their hotel and were awaiting a shuttle to take them to the Los Cabos airport when they learned that their return flight to Minneapolis had been cancelled. Plaintiffs unsuccessfully attempted to contact Sun Country by phone. Approximately one hour after they learned that their Sun Country flight had been cancelled, Plaintiffs purchased tickets to Tijuana, Mexico, on another airline. Plaintiffs did not speak with a Sun Country representative before booking their tickets to Tijuana. Plaintiffs flew to Tijuana the next day, crossed the Mexico-United States border on foot, and stayed with a family member in California for several days. Plaintiffs subsequently flew from California to Minnesota on April 18, 2018.

Sun Country refunded Plaintiffs their entire round-trip airfare on April 14, 2018—the date of the cancelled flight. On April 21, 2018, Plaintiffs spoke to a Sun Country employee by phone and requested reimbursement for the additional costs that Plaintiffs expended returning home. The Sun Country employee told Plaintiffs that Sun Country would reimburse them for the expenses they incurred. After putting Plaintiffs on hold to confirm this arrangement with Sun Country's reservation support department, the Sun

Country employee referred Plaintiffs to a website where they could submit their receipts for reimbursement. After receiving Plaintiffs' receipts, Sun Country sent Plaintiffs a check for $462.80, which was in addition to the $746.46 that Sun Country had previously refunded Plaintiffs for their airfare

Plaintiffs commenced this lawsuit in Minnesota conciliation court and obtained a judgment against Sun Country. That judgment was vacated when Sun Country removed the case to Dakota County (Minnesota) District Court for trial de novo. Plaintiffs subsequently filed an amended complaint in November 2018. Count I alleges that Sun Country violated the Montreal Convention by "stranding Plaintiffs in Mexico and causing delay in their return to the United States." Count II alleges that Sun Country's employee made a binding promise to reimburse Plaintiffs for expenses they incurred when attempting to return from Mexico and that Sun Country breached this promise. Count III alleges that Sun Country negligently refused to send a rescue flight to Mexico or assist Plaintiffs in booking a return flight with another airline. Sun Country removed the case to this Court and now moves for summary judgment.

## ANALYSIS

Sun Country moves for summary judgment on all three counts of Plaintiffs' amended complaint. Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014). A genuine dispute as to a material fact

exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat a motion for summary judgment, the opposing party must cite with particularity those aspects of the record that support any assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). The Court addresses each count of the amended complaint in turn.

## I. Montreal Convention Claim (Count I)

Count I of the amended complaint alleges that Sun Country violated the Montreal Convention by "stranding Plaintiffs in Mexico and causing delay in their return to the United States." Sun Country moves for summary judgment on this claim, arguing that Plaintiffs' return flight was cancelled as opposed to being delayed and, therefore, the Montreal Convention is inapplicable.

The Montreal Convention is a treaty that governs the liability of airlines with respect to international air travel. *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 780–81 (7th Cir. 2008). The United States Senate ratified the Montreal Convention on July 31, 2003, and the treaty entered into force on September 5, 2003. *Id.* at 781. Plaintiff's Montreal Convention claim is based on Article 19, which in relevant part provides:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

4

*Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014) (quoting Convention for the Unification of Certain Rules for International Carriage by Air (Montreal Convention) art. 19, May 28, 1999, S. Treaty Doc. No. 106–45, 2242 U.N.T.S. 350).

Sun Country argues that liability under Article 19 of the Montreal Convention is limited to claims alleging a "delay" in air travel and that the Montreal Convention is inapplicable to an airline's total nonperformance. The United States Court of Appeals for the Eighth Circuit has not addressed this issue, nor has any district court within the Eighth Circuit. But federal courts in other jurisdictions uniformly have held that "[c]laims alleging nonperformance are regarded as claims for breach of contract" whereas "claims alleging delay are governed by the [Montreal] Convention." *Shabotinsky v. Deutsche Lufthansa AG*, 245 F. Supp. 3d 1018, 1022 (N.D. Ill. 2017) (collecting cases); *accord Benjamin v. Am. Airlines, Inc.*, 32 F. Supp. 3d 1309, 1317 (S.D. Ga. 2014) (collecting cases and concluding that "[b]y its plain language, Article 19 governs only claims for delay, not non-performance of a contract"); *see also Wolgel v. Mexicana Airlines*, 821 F.2d 442, 445 (7th Cir. 1987) (applying the predecessor treaty to the Montreal Convention and concluding that the treaty was inapplicable because plaintiffs were "not attempting to recover for injuries caused by their delay in getting to" their destination, as they had never left the airport, but instead were alleging a claim for "total nonperformance of a contract"). Plaintiffs cite no legal authority to the contrary.[1]

---

[1] Plaintiffs rely exclusively on two decisions from the United States District Court for the Northern District of Illinois. *See Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798 (N.D. Ill. 2016); *Giannopoulos v. Iberia Lineas Aereas de España, S.A.*, No. 11 C 775, 2012 WL 5499426, at *4 (N.D. Ill. Nov. 9, 2012). But the distinction between

Here, the undisputed facts establish that Sun Country cancelled Plaintiffs' flight from Mexico to Minnesota. There is no evidence or allegation that Sun Country delayed Plaintiffs' flight or rebooked Plaintiffs on another flight that resulted in a delay. To the contrary, Plaintiffs allege that "Sun Country did not provide a 'rescue flight,' or make any effort to arrange for Plaintiffs' return trip." Instead, Plaintiffs independently arranged alternative transportation and did not speak to any Sun Country employee until after they had returned to Minnesota. These undisputed facts demonstrate nonperformance as opposed to a delay and, therefore, Article 19 of the Montreal Convention does not apply.

For these reasons, Sun Country's motion for summary judgment is granted as to Plaintiff's Montreal Convention claim (Count I).

## II. Breach-of-Contract Claim (Count II)

Count II of the amended complaint alleges that Sun Country's employee made a binding promise to reimburse Plaintiffs for expenses they incurred when attempting to return from Mexico and that Sun Country breached this promise. Sun Country moves for summary judgment on this claim, arguing that the employee who made this promise lacked the authority to orally modify the terms of Sun Country's Contract of Carriage and that any purported oral modification lacked consideration.

---

a flight delay and nonperformance was not at issue in either of these cases, both of which involved delays as opposed to nonperformance. *See Dochak*, 189 F. Supp. 3d at 808 (concluding that Article 19 of the Montreal Convention applied because "this case pertains to delays" and that determining whether the delay arose before or after the flight took off was immaterial); *Giannopoulos*, 2012 WL 599426, at *5 (addressing claims arising from airline's decision "to re-route the flight around [a] volcanic ash cloud and incur delays"). These cases are inapposite.

It is undisputed that the air travel Plaintiffs booked with Sun Country is governed by Sun Country's Contract of Carriage (the Contract). Rule 135 of the Contract provides that Sun Country "will cancel reservations of any passenger . . . as necessitated by weather or other conditions beyond Sun Country Airlines' control." And rules 35, 240, and 260 of the Contract provide that, if Sun Country cancels a flight or is unable to or refuses to transport a passenger because of weather or other conditions beyond Sun Country's control, Sun Country will refund the value of the unused portion of the passenger's airfare. The undisputed record establishes that Sun Country refunded Plaintiffs' *entire* airfare—not just the unused portion. Plaintiffs contend, however, that a Sun Country reservation specialist modified the Contract by promising over the phone to fully reimburse Plaintiffs for the expenses they incurred when arranging alternative transportation home from Mexico. Sun Country counters that any purported modification of the Contract is invalid.

> The Contract provides, in relevant part:
>
> No employee of Sun Country Airlines has the authority to alter, modify, or waive any provision of this Contract of Carriage unless authorized by a corporate officer of Sun Country Airlines. Sun Country Airlines-appointed agents and representatives are only authorized to sell tickets for air transportation pursuant to the approved fares, rules and regulations of Sun Country Airlines.

Plaintiffs do not dispute the applicability of the foregoing provision, nor do they dispute that the Sun Country reservation specialist who allegedly modified the Contract lacked actual authority to do so. Instead, Plaintiffs argue that the reservation specialist had *apparent* authority to modify the Contract.

To establish that an agent has apparent authority, "[t]he principal must have held the agent out as having authority, or must have knowingly permitted the agent to act on its behalf." *Truck Crane Serv. Co. v. Barr-Nelson, Inc.*, 329 N.W.2d 824, 826 (Minn. 1983) (internal quotation marks omitted). Proof of an agent's apparent authority "must be found in the conduct of the principal, not the agent." *Id.* (internal quotation marks omitted). Although "apparent authority is usually based on some affirmative action on the part of the principal, authority may be found when the agent has regularly exercised some power not expressly given to it and the principal, knowing of the practice, tacitly sanctions its continuance." *Vacura v. Haar's Equip., Inc.*, 364 N.W.2d 387, 391 (Minn. 1985).

Plaintiffs contend that there is a genuine dispute of material fact as to whether Sun Country's reservation specialist had apparent authority. To defeat Sun Country's motion for summary judgment, Plaintiffs must cite with particularity those aspects of the record that demonstrate a genuinely disputed material fact. Fed. R. Civ. P. 56(c)(1)(A). Plaintiffs rely entirely on the conduct of the reservation specialist, Sun Country's agent, arguing that Plaintiffs were "justified in concluding" that the reservation specialist had authority to modify the Contract. But that is not the correct legal standard. There is no evidence of any affirmative action on the part of Sun Country to suggest that the reservation specialist had apparent authority. Nor have Plaintiffs presented any evidence that Sun Country's reservation specialist *regularly* exercised this type of authority and that Sun Country knowingly and tacitly sanctioned such conduct. Accordingly, Plaintiffs have not demonstrated that there is a genuinely disputed material fact with respect to the reservation specialist's apparent authority to modify the Contract.

For these reasons, Sun Country's motion for summary judgment is granted as to Plaintiff's breach-of-contract claim (Count II).

## III. Negligence Claim (Count III)

Count III of the amended complaint alleges that Sun Country negligently breached its duty to "prevent delays in Plaintiffs' flight from Mexico to Minnesota, and to ensure that Plaintiffs had the ability to return home." Sun Country moves for summary judgment on this claim, arguing that it is preempted by federal law.

The Airline Deregulation Act of 1978 (ADA) includes a preemption clause, which provides that state and local governments "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation" 49 U.S.C. § 41713(b)(1). The preemptive effect of this clause applies to "common law rules when they embody . . . binding standards of conduct that operate irrespective of any private agreement." *Ferrell v. Air EVAC EMS, Inc.*, 900 F.3d 602, 605 (8th Cir. 2018) (internal quotation marks omitted). As such, a state-law negligence claim is preempted by the ADA if the claim "is related to a price, route, or service" of the airline and "serves as a means to guide and police the practices of the airlines rather than simply giving effect to bargains offered by the airlines and accepted by airline customers." *Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 981–82 (D.S.D. 2013) (internal quotation marks omitted).

Plaintiffs do not dispute that their negligence claim is preempted by the ADA. Indeed, their claim seeks to impose liability on Sun Country for failing to "prevent delays" or send a "rescue flight." Thus, Plaintiffs' negligence claim relates to Sun Country's routes

9

and services.  And Plaintiffs do not allege or present evidence that their negligence claim seeks to give effect to a bargain offered by Sun Country.  Instead, Plaintiffs seek to impose liability on Sun Country for allegedly failing to fulfill a duty to provide particular services.  Thus, Plaintiffs' negligence claim "serves as a means to guide and police" Sun Country's practices rather than merely giving effect to a bargain that Sun Country offered to its customers.  *Id.* at 982 (internal quotation marks omitted).

For these reasons, Sun Country's motion for summary judgment is granted as to Plaintiff's negligence claim (Count III).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the motion for summary judgment of Defendant MN Airlines, LLC, (Dkt. 24), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 14, 2020                                       s/Wilhelmina M. Wright
                                                              Wilhelmina M. Wright
                                                              United States District Judge